# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CHRISTOPHER ALLEN                                                                                   PLAINTIFF

v.                                    4:18cv00368-DPM-JJV

RIGGS, Officer,
Pulaski County Detention Center; and
PULASKI COUNTY DETENTION CENTER                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Plaintiff, Christopher Allen, ("Plaintiff") is a pretrial detainee at the Pulaski County Detention Center. He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional right to receive adequate medical care. (Doc. No. 4.) For the following reasons, I recommend the Amended Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v.*

*Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. ANALYSIS

In the Amended Complaint, Plaintiff alleges unspecified individuals at the Pulaski County Detention Center violated his constitutional rights by refusing to arrange for him to receive a

colonoscopy and provide him with medical care for hernias. (Doc. No. 4.) The only named Defendants are the Pulaski County Detention Center and Officer Riggs. (*Id.*)

It is well settled that jails and detention centers are not proper defendants in § 1983 actions. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion). Thus, Plaintiff's claims against Defendant Pulaski County Detention Center should be dismissed with prejudice.

Defendant Riggs has been sued in his official capacity only. (Doc. No. 4 at 2.) To proceed with that official capacity claim, Plaintiff must plead facts suggesting that the lack of adequate medical care was the result of an official Pulaski County policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not made any such allegations. Further, because there is no vicarious liability in § 1983 actions, Plaintiff must plead facts suggesting Defendant Riggs, through his "own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). The Amended Complaint does not contain any facts suggesting Defendant Riggs was personally involved in Plaintiff's medical care. Importantly, I have previously given Plaintiff the opportunity to remedy these pleading deficiencies, but he has failed to do so. (Doc. No. 3.) Accordingly, I recommend his claims against Defendant Riggs be dismissed without prejudice for failing to state a claim upon which relief may be granted.

**IV.  CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's claim against Defendant Pulaski County Detention Center be

DISMISSED with prejudice for failing to state a claim upon which relief may be granted.

2. Plaintiff's claim against Defendant Riggs be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

3. Dismissal be counted as a strike, pursuant to 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 13th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE